IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-02144-MSK-MEH

TERRY E. DeMARR,

        Petitioner,

v.

R.L. MORRISON,

        Respondent.

---

## OPINION AND ORDER DENYING PETITION
---

**THIS MATTER** comes before the Court pursuant to the Petitioner's Petition **(# 9)** for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, the Respondent's response **(# 23)**, and the Petitioner's reply **(# 27)**; and the Respondent's Motion to Substitute Party **(# 21)**.

The facts of this case are not complex. The Petitioner is an inmate of the Federal Bureau of Prisons ("BOP"), serving a 64-month sentence for a controlled substance violation. Due to accumulated good time credits, he is projected to be released on May 13, 2009. Citing health concerns, among other things, the Petitioner has requested an assignment to Community Corrections, but BOP policies provide that Community Corrections assignments can only take place for the final six months of an inmate's sentence. *See* 28 C.F.R. § 570.21(a). The Petitioner contends that this absolute rule against earlier Community Corrections placements violates 18

U.S.C. § 3621(b),[1] as declared by the 8th Circuit in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006) ("We agree that the BOP's regulation removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences. Section 3621(b) requires that discretion be exercised on an individual basis. Thus, the BOP's regulation conflicts with § 3621(b) and is invalid").

Before turning to the merits, the Court first considers the Respondent's Motion to Substitute Party **(# 21)**. At the time this action was commenced, the Petitioner was housed at the Federal Prison Camp in Duluth, Minnesota. Respondent Morrison was the Warden of that facility, and thus, the proper party to be named in this action. However, the Petitioner has since been transferred to the Federal Prison Camp in Florence, Colorado. Because *habeas* proceedings are official capacity proceedings pursued in the individual having current custody over the inmate, the transfer of the Petitioner to Colorado warrants substitution of Respondent Morrison for R. Wiley, the Warden of the facility in Florence. Accordingly, the Motion to Substitute Party is granted, and R. Wiley will be substituted for R. Morrison as the Respondent in this action.

Turning to the merits of the Petition, the Respondent raises several objections, including the contention that the Court lacks *habeas* jurisdiction over what is, in essence, a request for a transfer from one custodial facility to another[2]; the fact that the Petitioner has failed to exhaust

---

[1] This statute sets forth five factors to be considered by the BOP in assigning a place of imprisonment.

[2] The Respondent does not dispute that such relief can be obtained by an inmate; it contends only that the proper vehicle is a civil rights suit challenging the conditions of confinement, rather than a *habeas* proceeding challenging the fact of custody or duration of custody. *See e.g. McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997) ("A *habeas corpus* proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights

available administrative remedies; and the argument that the BOP policy limiting Community Corrections placements to six months properly interprets 18 U.S.C. § 3126(b). Having considered the entirety of the briefing on the merits, the Court finds that it is appropriate to deny the Petition, without prejudice, as unexhausted.

The BOP maintains a three-step[3] administrative remedy procedure by which inmates can assert grievances concerning the conditions of their confinement. 28 C.F.R. § 542.10(a). The procedure is invoked by filing an Administrative Remedy Request (form BP-9), within 20 days of the event giving rise to the grievance, and is followed by two levels of appeals. 28 C.F.R. § 542.13-15. To the extent this is considered a civil suit challenging the conditions of the Petitioner's confinement, complete exhaustion of the administrative remedy procedure is required by 42 U.S.C. § 1997e(a). To the extent that this action is considered a *habeas* proceeding under 28 U.S.C. § 2241, the exhaustion of available administrative remedies is still required. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002). The Respondent asserts, and the Petitioner apparently does not dispute, that the Petitioner has not attempted to resolve the issue of his eligibility for Community Corrections through the BOP's administrative remedy process.

In a memorandum supporting his Petition, the Petitioner makes an abbreviated argument that he "is not required to exhaust his administrative remedies in this instance," citing *McCrillis v. Sanders*, 2005 WL 2545285 (E.D. Ark. 2005) (unpublished). In *McCrillis*, the court deemed the

---

action attacks the conditions of the prisoner's confinement"). Assuming – without necessarily finding – that the Respondent is correct, the Court could, consistent with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), liberally construe the Petitioner's *pro se* pleadings as asserting a proper civil rights claim.

[3]An informal attempt at resolution is an optional fourth step that may be tried by the inmate.

BOP to have waived exhaustion of its administrative remedy process with regard to an inmate's request for early assignment to Community Corrections because "the BOP has taken a clear, consistent, and widespread stand against McCrillis' position," and that invoking the administrative remedy process would be futile.

Whatever persuasive value *McCrillis* may have had in this case vanished on February 20, 2007, when the 10th Circuit Court of Appeals decided *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007). There, the 10th Circuit agreed with the decision in *Fults* (among others) that the BOP's policy of limiting Community Corrections to the final six months of an inmate's sentence was inconsistent with the statutory command of 18 U.S.C. § 3621(b). The Respondent here concedes that, in the wake of *Wedelstedt*, the BOP has begun making Community Corrections placement decisions without regard to the six-month limitation, and is reviewing the eligibility of inmates for Community Corrections placement "beginning with those prisoners whose release dates are most imminent," although it concedes that it cannot project when the Petitioner's situation will be considered. *Docket # 28.*

It light of *Wedelstedt*, it is clear that the Petitioner's resort to the administrative remedy process is no longer futile. Indeed, it appears that the administrative remedy process is a particularly well-suited vehicle by which the Petitioner could request Community Corrections placement, or, at the very least, expedited consideration of his eligibility for such. By contrast, this proceeding is particularly ill-suited to make such a determination, given that the Court lacks the expertise possessed by the BOP in evaluating the § 3621(b) factors and the record here is incomplete as to the facts necessary for full consideration of these factors.

The only practical relief that could conceivably be granted by the Court in this proceeding would be a directive that the BOP expedite consideration of the Petitioner's eligibility for Community Corrections, but the Court finds that the current record does not warrant such relief. There have been no docket entries in this case since the Respondent acknowledged the ruling of *Wedelstedt* and reported on the BOP's new approach to handling the issue of Community Corrections placement, and indeed, it may be that the BOP has already ruled upon the Petitioner's request. Even if it has not, the record does not allow the Court to conclude that the BOP has unreasonably delayed consideration of the Petitioner's request, particularly in light of the large number of requests for Community Corrections placement that would likely result from the *Wedelstedt* decision and the fact-intensive analysis that must go into each. To the extent the Petitioner believes that the BOP has unreasonably delayed consideration of his request for Community Corrections placement since *Wedelstedt* was issued, he is free to invoke the legal remedies available to him to obtain review of that issue.

For the foregoing reasons, the Respondent's Motion to Substitute Party **(# 21)** is **GRANTED**, and "R. Wiley" shall be substituted as the Respondent in this action in place of "R. Morrison." The Petitioner's Petition **(# 9)** is **DENIED** as unexhausted. The Clerk of the Court shall close this case.

Dated this 19th day of September, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

5